UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA
and STATE OF MICHIGAN,

    Plaintiffs,

ex rel. DAVID L. FELTEN, M.D., Ph.D., et al.,

    Plaintiffs/Relators

v.

WILLIAM BEAUMONT HOSPITALS, et al.,

    Defendants.
                                         /

Case Nos. 2:10-cv-13440
           2:11-cv-12117
           2:11-cv-12515
           2:11-cv-14312

HONORABLE STEPHEN J. MURPHY, III

## **ORDER UNSEALING DOCUMENTS**

      Public interest in the above cases persuaded the Court to order the parties to show cause for why the dockets should not be unsealed. 10-cv-13440, ECF 166, PgID 3109. Only the Government responded to the show cause order. 10-cv-13440, ECF 169. And the Government identified dozens of filings that it believed should be unsealed but only with redactions. 10-cv-13440, ECF 171, PgID 3130–35. The Government reasoned that some redactions are necessary to avoid "unscrupulous medical providers [from]. . . connect[ing] the dots of the government's investigation in this case and [structuring] their future conduct in such a way as to avoid discovery." 10-cv-13440, ECF 169, PgID 3124. The Government also asserted that

1

many other redactions are necessary to protect the attorney/client and work-product privileges. *Id.* at 3216.

The Sixth Circuit favors a "strong presumption in favor of open[]" court records. *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (internal quotation omitted). To overcome the strong presumption, a party must show "a compelling reason" that is "narrowly tailored to serve that reason." *Id.* (citation omitted). The Court also has an "independent" "obligation to explain the basis for sealing court records[.]" *Id.* at 306.

The Court will unseal the filings listed in attached Exhibit A. No party objected to the unsealing of the filings listed in Exhibit A. *See* ECF 169, PgID 3119 ("The [G]overnment has no objection to the complete unsealing of all other pleadings."). Among others, Exhibit A lists No. 10-cv-13440, ECF 171, which is a filing that compiled the Government's proposed redactions in the consolidated cases. Again, no party objected to the unsealing of the filings compiled in No. 10-cv-13440, ECF 171, so long as those filings contained redactions justified by the Government. *See* ECF 169, PgID 3119 ("The [G]overnment would have no objection to the unsealing of these pleadings as long as the redacted passages remained sealed from public view.").

But the Court also conducted an *in camera*, line-by-line review of all the Government's proposed redactions in 10-cv-13440, ECF 171. Based on that review, the Court believes that only some proposed redactions are necessary and narrowly tailored. *See Shane Grp., Inc.*, 925 F.3d at 305–306 (quotation omitted) (explaining the standard for filings to remain under seal). First, there is a compelling interest to

2

seal information related to the attorney-client privilege and work-product. *See Munson Hardisty, LLC v. Legacy Pointe Apartments, LLC*, No. 3:15-cv-547, 2017 WL 2350174, at *2 (E.D. Tenn. May 30, 2017) (collecting cases detailing the need to seal those kind of communications). Accordingly, the Court identified corresponding filings that should remain sealed and listed them in attached Exhibit B. Those filings will remain sealed on the dockets. In the meantime, the filings are viewable with redactions in 10-cv-13440, ECF 171. The redactions are narrowly tailored to protect the attorney-client privilege and work-product.

The proposed redactions that relate to the Government's general investigative practices do not overcome the presumption in favor of public access. The Court is mindful that it should avoid disclosing "information that could reveal confidential investigative techniques employed by the Government, jeopardize ongoing investigations or other prosecutions, or injure non-parties." *United States v. HCA, Inc.*, No. 1:08-cv-71, 2012 WL 5997952, at *2 (E.D. Tenn. Nov. 30, 2012) (internal quotation omitted). That said, it is proper for the Court to unseal "routine investigative procedures which anyone with rudimentary knowledge of investigative processes would assume would be utilized in the regular course of business[.]" *Id.* (quotation omitted). The Court has identified several filings in attached Exhibit B that will remain sealed on the dockets. Those filings are viewable with redactions in 10-cv-13440, ECF 171, and the redactions are narrowly tailored to protect the Government's investigative techniques and prevent future wrongdoers from

3

establishing methods to hide or destroy information that would hinder future investigations.

The Court has also identified filings listed in attached Exhibit C. The Court believes that these filings should be unsealed in their entirety because the Government's need to redact the information does not overcome the presumption in favor of public access. *See Shane Grp., Inc.*, 925 F.3d at 305. To be safe, the Court will keep these filings sealed on the dockets for the next thirty days. After that, the Court will issue another order that will unseal the filings listed in Exhibit C. If the Government moves to appeal or for reconsideration, the Court will revisit the deadline or correct any errors. In the meantime, the filings are viewable with redactions in 10-cv-13440, ECF 171.

Finally, the Court has reviewed all the Government's proposed redactions and finds that the redacted information is entirely unrelated to the topic that generated public interest—the basis for the show cause order. *See* 10-cv-13440, ECF 166, PgID 3110.

**WHEREFORE**, it is hereby **ORDERED** that the filings listed in the attached Exhibit A are **UNSEALED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court must **UNSEAL** the filings listed in attached Exhibit A.

**IT IS FURTHER ORDERED** that the filings listed in Exhibit B will remain **SEALED**.

**IT IS FURTHER ORDERED** that the filings listed in Exhibit C will be **UNSEALED** in thirty days after the Court's order.

SO ORDERED.

s/ Stephen J. Murphy, III<br>STEPHEN J. MURPHY, III<br>United States District Judge

Dated: March 10, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 10, 2021, by electronic and/or ordinary mail.

s/ David P. Parker<br>Case Manager

5